IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEARLDINE MANGUM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0385-D |
| | § | |
| UNITED PARCEL SERVICES | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant United Parcel Service, Inc. ("UPS") has filed a Rule 12(b)(6) motion to dismiss

this *pro se* employment discrimination case brought under Title VII of the Civil Rights Act of 1964

("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act

of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Fourteenth Amendment to the United States

Constitution.  For the reasons stated herein, the motion should be granted.

I.

Plaintiff Jearldine Mangum is an African-American female who has been employed by UPS

since 1996.  (*See* Plf. Compl. at 2, ¶ 6).  She currently works as a "sorter" of small packages

weighing up to 20 pounds.  (*Id.*).  Sometime in 2007, plaintiff alleges that her supervisor, Kim

Johnson, began assigning more difficult tasks and duties to older African-American employees,

while giving younger Caucasian employees less difficult tasks to perform.  (*See id.*).  By way of

example, plaintiff states that "Black employees and older employees would be assigned to load and

unload trucks that contained packages that weight [sic] up to 70 pounds and the white [sic], who

were younger than the blacks, would be assigned the duties of scanning small packages and

envelopes that were between 5 and 10 pounds in weight." (*Id.*). On May 8, 2009, after plaintiff

complained to Johnson about the preferential treatment of younger white employees, she was sent

home for the day. (*Id.* at 2-3, ¶ 6). Thereafter, plaintiff filed a grievance with her Union and a

charge of discrimination with the EEOC. (*Id.* at 3, ¶ 6). This lawsuit followed.

On July 6, 2009, defendant filed a motion to dismiss on the grounds that plaintiff did not

suffer an "adverse employment action," that her EEOC charge was untimely, and that she lacks

standing to sue under the Fourteenth Amendment. Plaintiff has not responded to the motion.[1] The

court therefore considers defendant's motion without a response.

II.

A district court may dismiss a complaint for failure to state a claim "only if it appears that

no relief could be granted under any set of facts that could be proven consistent with the allegations."

*Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v.*

*Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795

(1991). In order to survive dismissal, the plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955,

1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above

the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual

allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court

must accept all well-pleaded facts as true and view the allegations in the light most favorable to the

plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*

---

[1] Plaintiff's response was due no later than July 27, 2009. *See* N.D.Tex. LCivR 7.1(e) (response to an opposed motion must be filed within 20 days from the date the motion is filed).

*sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

## A.

To establish a claim of discrimination under Title VII or the ADEA, plaintiff must show, *inter alia*, that she suffered an "adverse employment action." *See Mitchell v. Snow*, No. 08-20448, 2009 WL 1687798 at *1 (5th Cir. Jun. 17, 2009) (citing cases). "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Id., quoting McCoy v. City of Shreveport*, 492 F.3d 551, 559 (2007). The Fifth Circuit has repeatedly held that being assigned more onerous tasks than a coworker does not constitute an "adverse employment action." *See, e.g. Ellis v. Principi*, 246 Fed.Appx. 867, 870, 2007 WL 2510620 at *2 (5th Cir. Sept. 5, 2007) (claim by African-American female that she was given less favorable work assignments than African-American male and white female did not constitute ultimate employment decision); *Hart v. Life Care Ctr. of Plano*, 243 Fed.Appx. 816, 818, 2007 WL 1855136 at *1 (5th Cir. Jun. 26, 2007) (allegation that plaintiff was given more difficult tasks than Hispanic coworkers did not constitute adverse employment action); *see also Leach v. Baylor College of Medicine*, No. H-07-0921, 2009 WL 385450 at *19 (S.D. Tex. Feb. 17, 2009) (citing cases) ("The cases make clear that imposing a higher workload on an employee than on his coworkers is not an ultimate employment decision.").

The only act of discrimination alleged by plaintiff in her complaint is that defendant gave "older black employees such as herself[ ] difficult and demanding heavy work job assignments while giving the yournger [sic] caucasian [sic] the easier tasks that involved less physical exertion." (Plf. Compl. at 3, ¶ 6). This allegation, even if proved, does not constitute an "adverse employment action" under Fifth Circuit law. Accordingly, plaintiff's Title VII and ADEA claims should be

dismissed. *See Turman v. Greenville Independent School Dist.*, No. 3-03-CV-1786-B, 2005 WL 659017 at *4 (N.D. Tex. Mar. 18, 2005), *appeal dism'd*, No. 06-10269 (5th Cir. May 9, 2006). (dismissing plaintiff's Title VII and ADEA claims on the ground that a low evaluation did not constitute an adverse employment action).[2]

### B.

Nor can plaintiff sue defendant under the Fourteenth Amendment to the United States Constitution. "The Fourteenth Amendment applies to acts of governmental entities, not to acts of private persons." *Mitchell v. Central Bank & Trust*, 49 F.3d 728 (Table), 1995 WL 103356 at *2 (5th Cir. Mar. 1, 1995). Plaintiff does not allege that defendant was a governmental actor, or acting in any capacity other than as a private corporation. As a result, her Fourteenth Amendment claim should be dismissed. *See Bradley v. Lockheed Martin Corp.*, 275 Fed.Appx. 396, 397, 2008 WL 1874559 at *1 (5th Cir. Apr. 28, 2008) (affirming dismissal of constitutional claims brought by former employee against private corporation); *Mass v. McDonald's Corp.*, No. 3-04-CV-0483-M, 2004 WL 2624255 at *4 n.3 (N.D. Tex. Nov. 12, 2004) (granting motion to dismiss Fourteenth Amendment claim brought against private corporation).

### **RECOMMENDATION**

Defendant's Rule 12(b)(6) motion to dismiss [Doc. #5] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[2] In view of the recommended disposition of plaintiff's Title VII and ADEA claims, and because the failure to timely file a charge of discrimination is not a jurisdictional prerequisite to suit in federal court, *see Linton v. City of Marlin*, 253 F.3d 706 (Table), 2001 WL 498737 at *1 (5th Cir. Apr. 16, 2001), the court does not decide whether plaintiff's EEOC charge was timely.

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE