IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEARLDINE MANGUM, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:09-CV-0385-D |
| VS. § | |
| § | |
| UNITED PARCEL SERVICES, § | |
| § | |
| Defendant. § | |

## ORDER

Plaintiff Jearldine Mangum ("Mangum") filed this *pro se* lawsuit against defendant United Parcel Service, Inc. (Ohio) ("UPS"). On July 6, 2009 UPS filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which the court referred to the magistrate judge. The magistrate judge filed his findings and recommendation on August 11, 2009, recommending that the motion be granted and that Mangum's lawsuit be dismissed with prejudice. Mangum filed an amended complaint on August 13, 2009, and on August 24, 2009 she filed objections to the magistrate judge's findings and recommendation. The court declines to adopt the magistrate judge's findings and recommendation, and it denies UPS's motion to dismiss as moot.

Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course before being served with a responsive pleading. A motion to dismiss is not a responsive pleading. *Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir. 1992). Therefore, even assuming that UPS's motion—which is addressed to the complaint—has merit, Mangum has now superseded that pleading by filing an amended complaint. And even if Mangum had not filed an amended complaint as of the time the court considered the magistrate judge's findings and recommendation, the court in adopting the recommendation of dismissal would still have allowed Mangum one more

opportunity to plead her best case before dismissing her lawsuit with prejudice. *See, e.g., Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*.").

Therefore, in view of the filing of the amended complaint, the court declines to adopt the magistrate judge's findings and recommendation, and it denies UPS's July 6, 2009 motion to dismiss as moot. The court suggests no view on the merits of the amended complaint or whether it is subject to dismissal under Rule 12(b)(6).

**SO ORDERED**.

August 26, 2009.

							_____
							SIDNEY A. FITZWATER
							CHIEF JUDGE