IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEARLDINE MANGUM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0385-D |
| | § | |
| UNITED PARCEL SERVICES | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant United Parcel Service, Inc. ("UPS") has filed a Rule 12(b)(6) motion to dismiss plaintiff's first amended complaint in this race and age discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, 42 U.S.C. § 1981, and the Fourteenth Amendment to the United States Constitution. For the reasons stated herein, the motion should be granted.[1]

I.

In her amended *pro se* complaint, Plaintiff Jearldine Mangum, a 51-year-old African-American female, generally alleges that her employer, UPS, "created and maintained employment policies and practices that discriminated against [her] based upon [her] race and age." (*See* Plf. First

---

[1] The magistrate judge recommended the dismissal of plaintiff's original complaint alleging essentially the same claims on the grounds that plaintiff did not suffer an "adverse employment action" and lacked standing to sue under the Fourteenth Amendment. *See* Mag. J. F&R, 8/11/09. While that recommendation was pending before the district judge, plaintiff filed an amended complaint. In view of the amended pleading, and without suggesting whether the amended complaint stated a claim for relief, the district judge declined to adopt the magistrate judge's recommendation. *See* Order, 8/26/09 at 1-2.

Am. Compl. at 2, ¶ IV). The only facts alleged by plaintiff to support her claims of race and age discrimination are these:

> Defendant employed a supervisor; Kim Johnson in 2007 and on May 8, 2008 said supervisor reassigned Plaintiff to perform heavy tasks while assigning younger Whites the tasks Plaintiff had been performing. Subsequently in September 2008 Plaintiff continued to be assigned to the heavy boxes workload and two 32-pound boxes fell on Plaintiff's arm causing injury. Said injury resulted in restrictions on Plaintiff's ability to perform heavy tasks but Defendant continued to give preferential treatment to younger White employees causing mental anguish and stress, and physical injury to Plaintiff. Other Black employees were treated in a similar manner and Defendant's wrongful acts were based upon Plaintiff's Black race and age greater than 50 years.

(*Id.*). Plaintiff further alleges that defendant "intends to eliminate older Black employees by creating an adverse stressful work environment," thereby denying her the right to contract on an equal basis with white employees. (*Id.*).

Defendant now moves to dismiss plaintiff's amended complaint on the grounds that she did not suffer an "adverse employment action" and lacks standing to sue under the Fourteenth Amendment. The issues have been briefed by the parties and the motion is ripe for determination.[2]

II.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."

---

[2] In support of its reply brief, defendant has filed an appendix of evidence containing the charge of discrimination submitted by plaintiff to the EEOC. (*See* Def. Reply App. at 1-2). Plaintiff objects to this evidence on the ground that the court cannot go "outside the pleadings" when ruling on a Rule 12(b)(6) motion. Although the EEOC charge is clearly a matter "outside the pleadings," *see Wang v. Prudential Financial Corp.*, No. 3-05-CV-2091-H, 2006 WL 1489427 at *2 (N.D. Tex. May 25, 2006), *aff'd*, 267 Fed.Appx. 362 (5th Cir. Feb. 26, 2008), *cert. denied*, 129 S.Ct. 407 (2008), the court has not considered this evidence in ruling on defendant's motion to dismiss. Accordingly, plaintiff's objection [Doc. #23] is overruled as moot. *See Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3-04-CV-1866-D, 2006 WL 984690 at *1 n.6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence not considered by the court in deciding a motion). Defendant's motion to strike plaintiff's objection [Doc. #24] is also denied as moot.

*Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

A.

To establish a claim of discrimination under Title VII or the ADEA, plaintiff must show, *inter alia*, that she suffered an "adverse employment action." *See Mitchell v. Snow*, 326 Fed.Appx. 852, 854, 2009 WL 1687798 at *1 (5th Cir. Jun. 17, 2009) (citing cases). This requirement also applies to race discrimination claims brought under 42 U.S.C. § 1981 arising in the employment context. *See Wesley v. Yellow Transportation, Inc.*, No. 3-05-CV-2266-D, 2008 WL 5220562 at *2 (N.D. Tex. Dec. 12, 2008) (citing cases). "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Mitchell*, 2009 WL 1687798 at *1, *quoting McCoy v. City of Shreveport*, 492 F.3d 551, 559 (2007).

The Fifth Circuit has repeatedly held that being assigned more onerous tasks than a coworker does not constitute an "adverse employment action." *See, e.g. Ellis v. Principi*, 246 Fed.Appx. 867, 870, 2007 WL 2510620 at *2 (5th Cir. Sept. 5, 2007) (claim by African-American female that she was given less favorable work assignments than African-American male and white female did not constitute ultimate employment decision); *Hart v. Life Care Ctr. of Plano*, 243 Fed.Appx. 816, 818, 2007 WL 1855136 at *1 (5th Cir. Jun. 26, 2007) (allegation that plaintiff was given more difficult tasks than Hispanic coworkers did not constitute adverse employment action); *see also Leach v. Baylor College of Medicine*, No. H-07-0921, 2009 WL 385450 at *19 (S.D. Tex. Feb. 17, 2009) (citing cases) ("The cases make clear that imposing a higher workload on an employee than on his coworkers is not an ultimate employment decision.").

The only act of discrimination alleged by plaintiff in her amended complaint is that defendant reassigned her "to perform heavy tasks while assigning younger Whites the tasks Plaintiff had been performing." (Plf. First Am. Compl. at 2, ¶ IV). This allegation, even if proved, does not constitute an "adverse employment action" under Fifth Circuit law. Accordingly, plaintiff's Title VII, ADEA, and section 1981 claims should be dismissed.[3]

B.

Nor can plaintiff sue defendant under the Fourteenth Amendment to the United States Constitution. "The Fourteenth Amendment applies to acts of governmental entities, not to acts of private persons." *Mitchell v. Central Bank & Trust*, 49 F.3d 728 (Table), 1995 WL 103356 at *2

---

[3] To the extent plaintiff attempts to recharacterize her disparate treatment claim as a pattern and practice claim, as defendant argues in its reply, she cannot bring such a claim in her individual capacity. *See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 & n.4 (5th Cir. 2001). Nor does plaintiff have standing to bring a claim based on alleged discriminatory policies and practices that may harm other employees at some undetermined point in the future. *See Preston v. Good Nature Cafe*, 33 Fed.Appx. 704, 2002 WL 432607 at *2 (5th Cir. Mar. 1, 2002) (plaintiff lacked standing to bring Title VII race discrimination claim alleging that employer prevented other African-Americans from filling out employment applications).

(5th Cir. Mar. 1, 1995). Plaintiff does not allege that defendant was a governmental actor, or acting in any capacity other than as a private corporation. As a result, her Fourteenth Amendment claim should be dismissed. *See Bradley v. Lockheed Martin Corp.*, 275 Fed.Appx. 396, 397, 2008 WL 1874559 at *1 (5th Cir. Apr. 28, 2008) (affirming dismissal of constitutional claims brought by former employee against private corporation); *Mass v. McDonald's Corp.*, No. 3-04-CV-0483-M, 2004 WL 2624255 at *4 n.3 (N.D. Tex. Nov. 12, 2004) (granting motion to dismiss Fourteenth Amendment claim brought against private corporation).

## RECOMMENDATION

Defendant's Rule 12(b)(6) motion to dismiss plaintiff's first amended complaint [Doc. #17] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 14, 2009.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE